CHARLES H. MCLELLAN *versus* DAVID PENNELL *& al.*

When, in assumpsit against the defendants as surviving partners of a firm alleged to have consisted of themselves and a person deceased, the partnership is in issue, the declarations of such deceased person, made in the absence of the defendants, and not communicated to either of them, are not admissible against the seasonable objections of the defendants with the instruction that they were not evidence against the defendants, but were admissible to prove that the deceased was a partner; and that such proof was necessary.

Neither are promissory notes, bearing date long after the debt in suit was contracted, signed by the deceased, using his name and Co., — the name of the alleged firm, — when it is not proposed to show that either of the defendants ever had any knowledge of such notes, until after the death of the deceased.

ON EXCEPTIONS from *Nisi Prius*, WALTON, J., presiding. ASSUMPSIT on count annexed.

The facts are sufficiently stated in the opinion of the Court.

*Tallman & Larrabee*, for the plaintiff.

*J. S. Abbott*, for the defendants.

BARROWS, J., having been of counsel in the case, did not sit.

The opinion of the Court was drawn by

DANFORTH, J. — The plaintiff declares against the defend-

McLellan *v.* Pennell.

ants as surviving partners of a firm, consisting of themselves, and one Harmon Pennell, deceased. The partnership was denied, and this was the only question of fact in issue at the trial. To sustain this issue on his part, the plaintiff offered the declarations of said Harmon, which were admitted with the instruction to the jury that they were not evidence against the defendants, but were admissible as against Harmon, for the purpose of proving him a member of the alleged firm, and that such proof was necessary. These declarations were not shown to have been communicated to, or in any way made known to either of the defendants.

Under this issue, and between these parties, it is not easy to see how any testimony can affect Harmon Pennell alone. His liability is not in issue, and any verdict which may be rendered in the action will not tend in any degree to relieve him from, or impose any liability, upon him or his estate. Nor is it any easier to perceive how any testimony tending to sustain the issue in any degree, though it may be but one step in the process, can have that effect and not operate against the defendants. If it sustains the issue, it establishes their liability. So far as it tends to sustain it, it tends to establish their liability. It follows, then, that no testimony is admissible, except such as may legally affect the defendants. It is admitted that the testimony in question is not of that character, and therefore we think it should have been excluded.

True, the jury were instructed not to give it any effect as against the defendants, but they were also instructed that it tended to prove a fact which must necessarily affect them, and thereby wrongfully influence their verdict.

In accordance with this view is the case of *Allcott* v. *Strong*, 9 Cush., 323. In that case, the declarations of a deceased partner were offered to show that a partnership, which it was admitted had once existed, continued to exist at the date of the contract sued. These declarations were excluded, SHAW, C. J., in giving the opinion, saying that, " the evidence, to show the continuance of the partnership,

after it had once been dissolved, with notice to the parties, must be as satisfactory as that which is required to show its establishment." Thus putting the testimony upon the same ground as if offered to prove the establishment of the partnership, and, being rejected for one purpose, it must be also for the other.

It is true that, in that case, no such distinction is made as is attempted in the case at bar. But the fact that it is not referred to by the Court, after argument and mature deliberation, may perhaps satisfy us that, in their opinion, none such exists.

In *Ostrom* v. *Jacobs & al.*, 9 Met., 454, similar declarations of a deceased partner were rejected. DEWEY, J., on page 457, says, "the objection to the competency of the declarations of Upson, to charge this upon the partnership, is the same in principle as if his admissions were offered to establish the fact of a partnership." The distinction referred to is again overlooked, when, if it existed, the rejected testimony should have been admitted. In this last case other authorities are referred to as establishing the same principle.

It is true that, in numerous cases, the admissions of one alleged partner have been admitted to prove him a member of the firm, when these admissions have not come to the knowledge of, and should not affect the other alleged members. But, in all these cases, the person, whose declarations were received, was a party to the suit, and of course in a situation to be affected by them. And it is believed that no case can be found, where declarations similar to those in question have been received as testimony.

But further, the declarations in question cannot be admitted without a violation of clear and well settled principles of law. The law has quite distinctly marked the limits within which declarations of parties must come, in order to be received as testimony. These do not come within those limits. They are not the admissions of a party to the record, nor of a person under whom any of the parties claim title. Neither are they the admissions of one in privity with a

party, for that is the very thing to be proved. And before the admissions or declarations can be received, this relationship must be proved by other testimony. Neither can these be considered as the declarations of one against his interest, for if Harmon Pennell had any interest it was promoted by these very statements. When they were made, he was seeking to obtain a credit, which was only given, according to the testimony of the plaintiff, to the alleged partnership, and, if they were to have any effect, it would be to relieve him of a portion of the debt. So that we do not perceive any ground on which they can be admitted for any purpose whatever.

In regard to the notes received, they are liable to objection in point of time. All of them bear date long after the making of the account sued in the writ. If, then, they are admissions, and receivable as such, to show that Harmon was a member of the firm, they would show only that he was a member at the time they were given, and not prior to that. And although, when a partnership is once formed, it may ordinarily be presumed to continue till a dissolution is shown, yet no such presumption obtains as to any prior existence.

It therefore becomes unnecessary to consider the motion.

*Exceptions sustained.*—*New trial granted.*

APPLETON, C. J., DAVIS, KENT and DICKERSON, JJ., concurred.